IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MELVIN MCCAULEY and<br>LINDA MCCAULEY,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLY BANK,[1]<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:20CV00069<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

Plaintiffs Melvin and Linda McCauley filed this action against Ally Bank ("Ally") in the Circuit Court of Albemarle County, asserting claims for breach of contract and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Ally has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted with respect to Plaintiffs' claims under the FCRA, and the claims for breach of contract will be remanded to state court.

## Background

The following factual allegations, taken from the complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Plaintiffs are residents of Albemarle County, Virginia. Compl. ¶ 4, ECF No. 1-1. Ally is a Utah corporation based in Sandy, Utah. Id. ¶ 5; see also Notice of Removal ¶ 18, ECF No. 1.

---

[1] Defendant Ally Bank is incorrectly named in the complaint as Ally Capital Corp. The docket shall be amended to reflect its correct name.

"Ally became the successor holder and beneficiary of two promissory notes and deeds of trust originally granted to GMAC Mortgage LLC." Compl. ¶ 6. The deeds of trust created liens on Plaintiffs' residential property in Albemarle County (the "Property"). Id. ¶¶ 7–8. After Ally undertook efforts to foreclose on the Property, Plaintiffs agreed to surrender their interest in the Property in exchange for Ally agreeing to forgive any remaining indebtedness under the two notes. Id. ¶¶ 9–12.

The parties signed a Deficiency Waiver Agreement (the "Agreement") on August 30, 2019. Compl. Ex. A, ECF No. 1-1. Pursuant to the Agreement, Ally "waive[d] any rights to pursue further judgments or deficiencies, costs, fees or expenses in association with" the notes. Id. Ally also agreed that it would "not transfer any further obligations or rights to pursue further judgements [sic] or deficiencies to a third party or debt collector," or "report this transaction . . . to any credit reporting agencies or bureaus." Id.

Plaintiffs claim that Ally subsequently violated the terms of the Agreement by continuing to send them loan statements seeking to collect the deficiency balance, and by "reporting the transaction specified in the Agreement to various credit reporting agencies." Compl. ¶¶ 14–15. Plaintiffs discovered the latter violation when they visited a local car dealership and were "turned down for [financing] based on the improper Ally reporting to their respective credit reports." Id. ¶ 17. Following the receipt of a demand letter from Plaintiffs' counsel, Ally promised to correct the adverse credit reporting. Id. ¶¶ 19–20. Despite Ally's assurances, however, Plaintiffs' credit reports "continued to show the erroneous adverse credit reporting made by Ally for several more months." Id. ¶ 22.

**Procedural History**

Plaintiffs commenced this action in the Circuit Court of Albemarle County on October 2, 2020. In Count I of the complaint, Plaintiffs assert claims for breach of contract under state law,

based on Ally's alleged violations of its obligations under the Agreement. In Count II, Plaintiffs claim that Ally violated the FCRA by providing erroneous and inaccurate information to credit reporting agencies, and by failing to rectify the problem after Plaintiffs brought it to Ally's attention. Plaintiffs seek economic damages in the amount of $50,000, in addition to $250,000 in punitive damages for the alleged violations of the FCRA.

On November 11, 2020, Ally removed the case to this court, asserting both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Upon removal, Ally moved to dismiss the complaint pursuant to Rule 12(b)(6). The motion has been fully briefed and is ripe for review.[2]

## Standard of Review

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson, 551 U.S. at 94. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" meaning that it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

---

[2] Neither side requested oral argument, and the court is of the opinion that it would not aid the decisional process.

**Discussion**

I. **Claims under the FCRA**

The court finds it appropriate to first consider whether Plaintiffs have stated a plausible claim for relief under the FCRA. The FCRA was enacted "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted). In addition to the duties it imposes on credit reporting agencies, the FCRA "also imposes duties on 'furnishers of information.'" Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 147–48 (4th Cir. 2008) (quoting 15 U.S.C. § 1681s-2). Under § 1681s-2(a), a furnisher of information has a duty to refrain from providing information to a credit reporting agency that it knows is inaccurate. Id. at 148. Additionally, a furnisher of information incurs further duties under § 1681s-2(b) if a consumer disputes the accuracy of information that the furnisher reports and informs a credit reporting agency of the dispute. Id. Upon receiving notice of the dispute from a credit reporting agency, a furnisher must conduct an investigation into the completeness and accuracy of the information furnished. Id.

The FCRA also contains provisions that create liability for violations of its requirements. See 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any requirement imposed); id. § 1681o (creating civil liability for negligent noncompliance with any requirement imposed). "These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government." SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011); see also 15 U.S.C. § 1681s-2(c) (providing that §§ 1681n and 1681o "do not apply to any violation of . . . subsection (a) of this section"); id. § 1681s-2(d) (limiting the enforcement of certain provisions, including §

4

1681s-2(a), to "the Federal agencies and officials and the State officials identified in section 1681s"). "This leaves 15 U.S.C. § 1681s-2(b) as the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." SimmsParris, 652 F.3d at 358; see also Saunders, 526 F.3d at 149 (observing that the "FCRA explicitly bars private suits for violations of § 1681s-2(a), but consumers can still bring private suits for violations of § 1681s-2(b)").

In response to Ally's motion to dismiss, Plaintiffs argue that they "clearly allege that Ally . . . violated 15 U.S.C. § 1681s-2(a)(1)(A)" by "continuing to report to a consumer reporting agency, information that [Ally] had been put on notice of by Plaintiffs and in its own correspondence had determined to be erroneous." Pl.'s Br. Opp'n Mot. Dismiss 4, ECF No. 8. As indicated above, however, there is "no private right of action under § 1681s-2(a)." Lovegrove v. Ocwen Home Loans Servicing, LLC, 666 F. App'x 308, 313 (4th Cir. 2016); see also Saunders, 526 F.3d at 149. Consequently, Plaintiff's claims for relief based on alleged violations of subsection (a) must be dismissed with prejudice.

Although a private right of action does exist under § 1681s-2(b), the complaint does not allege a plausible violation of this subsection. In order to state a claim for failure to investigate pursuant to § 1681s-2(b), a plaintiff must allege that a credit reporting agency notified the defendant of a dispute by the plaintiff. Taylor v. First Premier Bank, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012); see also Mavilla v. Absolute Collection Serv., 539 F. App'x 202, 208 (4th Cir. 2013) (explaining that a furnisher's duty to investigate a dispute under § 1681s-2(b) "is not triggered until it receives notification of a dispute from a consumer reporting agency"); Blick v. JP Morgan Chase Bank, N.A., No. 3:12-cv-00001, 2012 U.S. Dist. LEXIS 41265, at *22 (W.D. Va. Mar. 27, 2012) (Moon, J.) (observing that a furnisher of information "only faces liability if a complaint alleges that a furnisher failed to conduct a reasonable investigation of a consumer's

5

dispute after being notified of a dispute directly by a credit reporting agency"). In this case, Plaintiffs do not contend—either in their complaint or response brief—that they reported a dispute to a credit reporting agency or that a credit reporting agency notified Ally of such dispute. Consequently, Plaintiffs have no plausible claim for relief under § 1681s-2(b).

For these reasons, Ally's motion to dismiss will be granted with respect to Count II and the FCRA claims will be dismissed with prejudice.

## II. Claims for breach of contract

Ally also moved to dismiss the breach of contract claims asserted in Count I. In their response brief, Plaintiffs ask the court to consider remanding this count to state court in the event that the FCRA claims are dismissed under Rule 12(b)(6), since Plaintiffs seek less than $75,000 for breach of contract. For the following reasons, the court will decline to exercise supplemental jurisdiction over Count I and remand the claims for breach of contract to state court.

Plaintiffs correctly note that the quantity of damages sought for Count I does not satisfy the amount required for the court to exercise diversity jurisdiction over this count. See 28 U.S.C. § 1332(a) (requiring that the amount in controversy "exceed[] the sum or value of $75,000"). Although claims may be aggregated in order to satisfy the threshold amount in controversy, Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995), the only other count asserted in this case will be dismissed for failure to state a claim under Rule 12(b)(6). Since Count I does not satisfy the minimum threshold on its own, the court must decide whether to exercise supplemental jurisdiction over this count. See Shanaghan, 58 F.3d at 110 (concluding that "the supplemental jurisdiction model of discretion should apply when the amount in controversy falls below the [requisite] threshold, just as it does when a federal question or a diverse claim falls out of a case").

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." In a case such as this, where the federal claims are dismissed in the early stages of litigation and only state claims remain, the court "should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also Banks v. Gore, 738 F. App'x 766, 773 (4th Cir. 2018) ("Generally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims . . . ."). Accordingly, the court declines to exercise supplemental jurisdiction over the remaining claims asserted under state law. The court will remand the claims for breach of contract to the Circuit Court of Albemarle County for consideration.

## Conclusion

For the reasons stated, Ally's motion to dismiss will be granted with respect to Count II of the complaint. The remaining claims for breach of contract asserted in Count I will be remanded to state court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This ___15th___ day of March, 2021.

_____
Senior United States District Judge